OPINION *Page 2 
{¶ 1} Defendant-appellant, William Bozarth, appeals his conviction and sentence from the Licking County Court of Common Pleas on one count of domestic violence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 19, 2007, the Licking County Grand Jury indicted appellant on one count of abduction in violation of R.C. 2905.02(A)(1) and/or (A)(2), a felony of the third degree, and one count of felony domestic violence in violation of 2919.25(A), also a felony of the third degree. The victim was appellant's wife, Stephanie Bozarth. At his arraignment on October 29, 2007, appellant entered a plea of not guilty to the charges.
 {¶ 3} Subsequently, a jury trial commenced on January 4, 2008. The following testimony was adduced at trial.
 {¶ 4} On October 7, 2007, at approximately 2:30 a.m., Newark Police Officers John Purtee and Ray Lewis were dispatched to 15 North Morris Street on a disturbance call. When the two arrived separately at the address, they did not find a disturbance. However, after talking for a while, the two heard a female screaming. The scream was coming from a residence at 23 North Morris. According to Officer Purtee, the woman sounded like she was being hurt. As the two officers approached the residence, they heard the door slam and a male voice saying "shut up bitch." Transcript at 88.
 {¶ 5} Officer Lewis then knocked on the door for 30 to 60 seconds, but got no response. Stephanie Bozarth, appellant's wife, eventually opened the door. The following testimony was adduced when Officer Purtee was asked to describe Stephanie's emotions at that point as he observed them: *Page 3 
 {¶ 6} "A. Stephanie was crying and was very hysterical.
 {¶ 7} "Q. Okay.
 {¶ 8} "A. As soon as the door came open and she seen us, she started to — she was bawling.
 {¶ 9} "Q. Okay. Did she have tears?
 {¶ 10} "A. Um-hmm.
 {¶ 11} "Q. When you say she was hysterical, she was bawling, you mean crying.
 {¶ 12} "A. Yes.
 {¶ 13} "Q. Describe what you mean by hysterical to us.
 {¶ 14} "A. She looked like she had just got done with a fight. She's crying and her eyes are bloodshot; her face is all wet; her shirt is wet.
 {¶ 15} "Q. Okay. Did you observe any injuries on her person at that time?
 {¶ 16} "A. The short conversation that I had with Stephanie, she was holding open her mouth showing us a cut in the inside of her lip." Transcript at 88-89.
 {¶ 17} Stephanie showed the officers her injuries and told them that appellant had punched her in the face. Officer Lewis testified that Stephanie had redness up to her temple area and some dry, crusted blood on her lip. He further testified that "within a few moments of making contact with her she [Stephanie] had pulled her lip down and showed a fresh cut that was still bleeding on the inside of her lip." Transcript at 139. Appellant was not present, having run out the back door before the officers entered the residence. *Page 4 
 {¶ 18} During his testimony, Officer Lewis testified that two minutes elapsed between the yelling on the porch and the time that the officers made physical contact with Stephanie.
 {¶ 19} Stephanie Bozarth did not testify at appellant's trial.
 {¶ 20} At the close of the State's case, appellant moved for a judgment of acquittal pursuant to Crim. R. 29. The trial court granted appellant's motion with respect to the abduction charge, but denied the same with respect to the charge of domestic violence.
 {¶ 21} At the conclusion of the evidence and the end of deliberations, the jury, on January 4, 2008, found appellant guilty of domestic violence. The jury further found that appellant previously had been convicted of domestic violence. As memorialized in a Judgment Entry filed on January 7, 2008, appellant was sentenced to one year in prison.
 {¶ 22} Appellant now raises the following assignment of error on appeal:
 {¶ 23} "THE TRIAL COURT ERRED WHEN IT ALLOWED THE VICTIM'S STATEMENTS INTO EVIDENCE AS EXCITED UTTERANCES."
 I {¶ 24} Appellant, in his sole assignment of error, argues that the trial court erred when it permitted the two officers, over objection, to testify as to what Stephanie Bozarth told them because the same was hearsay. Appellant specifically contends that the trial court erred when it determined that Stephanie Bozarth's statements to the *Page 5 
officers were admissible as excited utterances under the hearsay exception contained in Evid. R. 803(2).[1] We disagree.
 {¶ 25} The admission or exclusion of relevant evidence lies within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180, 510 N.E.2d 343. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 26} As a general rule, all relevant evidence is admissible. Evid. R. 402. However, under Evid. R. 802, hearsay is not admissible unless it falls under a recognized exception under Evid. R. 803 or 804. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C).
 {¶ 27} Under Evid. R. 803(2), a hearsay statement is admissible if it is an "excited utterance." An "excited utterance" is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
 {¶ 28} In State v. Duncan (1978), 53 Ohio St.2d 215, 373 N.E.2d 1234, the Ohio Supreme Court set forth a four-part test to determine whether a statement qualifies as an excited utterance under Evid. R. 803(2). The trial court must find the following:
 {¶ 29} "(a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties *Page 6 
and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration." Id.
 {¶ 30} We find, under this four part analysis, that the trial court did not abuse its discretion in finding that Stephanie Bozarth's statements to the officers were excited utterances. As is stated above, Officer Lewis testified that they made contact with Stephanie Bozarth within two minutes of hearing screaming on the porch. The screaming, according to the officers, sounded like someone was being hurt. Both officers testified that Stephanie Bozarth was sobbing and hysterical when she opened the door. In addition to Officer Purtee's testimony, which is cited above, Officer Lewis testified that Stephanie was "upset, distraught" and that her sobbing sounded almost like she was beginning to hyperventilate. Transcript at 141-142. Thus, there was evidence adduced at trial that Stephanie was still under the stress of the event and that her statements to the officers were not the result of reflective thought. Testimony also *Page 7 
was adduced that Stephanie had a fresh cut on the inside of her lip that was still bleeding and that she had redness to her temple.
 {¶ 31} Based on the foregoing, we find that the trial court did not abuse its discretion in allowing Stephanie Bozarth's statements to the officers into evidence as excited utterances under Evid. R. 803(2). The trial court's decision was not arbitrary, unconscionable or unreasonable.
 {¶ 32} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 33} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
Edwards, J., Farmer, P.J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The trial court, after appellant objected to Officer Purtee's testimony as to what Stephanie Bozarth told him, stated, in relevant part, as follows: "THE COURT: I'll allow her to proceed on the basis that the scream within 30 seconds of seeing a woman having been identified as a woman screaming, crying, hysterical, bawling, wet eyes, wet face, wet shirt who responds to the door is sufficient enough at this point. I'll overrule your objection. Please proceed." Transcript at 92. *Page 1